FILED

03/17/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0109

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0109

_____

TRAVIS C. LOZEAU, SR.,

Petitioner,

v.

CAPTAIN JASON KOWALSKI,
MISSOULA ASSESSMENT &
SANCTION CENTER,

Respondent.

FILED

MAR 17 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

_____

Representing himself, Travis C. Lozeau Sr. has filed a petition for a writ of habeas corpus, claiming that his sentence is illegal because it is longer than the law allows. He requests expungement of his "Felony Records Complet[e]ly." He is currently held at the Missoula Assessment and Sanction Center, awaiting further placement by the Department of Corrections (DOC).

Lozeau explains his background and includes some documents from the Lake County District Court, which we summarize. In October 2011, Lozeau pleaded guilty to felony theft, and in 2012, the District Court deferred his three-year sentence (hereinafter theft conviction).

Available electronic records indicate that Lozeau was charged and convicted for felony criminal possession of dangerous drugs in the Lake County District Court. On May 29, 2012, the court sentenced him to the DOC for a five-year term with no time suspended (hereinafter 2012 DOC sentence). The court awarded him eighty-four days of credit for time served. The court then revoked the deferred sentence for his 2011 theft conviction and imposed a suspended five-year term to run consecutively to his 2012 DOC sentence. Lozeau would have discharged his 2012 DOC sentence sometime in March 2017 to begin serving his suspended term for the theft conviction.

On December 18, 2019, the District Court determined that Lozeau violated the terms of this probation and revoked his suspended sentence. The court committed him to the DOC for three years with no time suspended.

Lozeau requests that this Court grant his petition and release him based upon his arguments. Lozeau contends that he was sentenced illegally after entering his guilty plea because the conviction should have been for a misdemeanor, not a felony. He challenges his conviction because the amount of restitution that he paid was $1,137.63—well below the value of $1,500. Lozeau states that he has served more than nine years on his theft conviction.

Lozeau does not have a sentence longer than the law allows. We point out that in his petition, Lozeau failed to disclose any information about his drug conviction and the concomitant 2012 DOC sentence, accounting for five years in prison. As we explained above, he committed a new felony in 2012 and was required to serve that sentence prior to serving any time related to his theft conviction. Moreover, a district court has statutory authority to change a sentence when revoking an original *deferred* imposition of sentence. (Emphasis added.) Section 46-18-203(7)(a)(iv), MCA (2011), provides that "the judge may[,] if the sentence was deferred, impose any sentence that might have originally been imposed." In 2012, the court revoked Lozeau's deferred sentence and imposed a lawful, five-year term when the maximum punishment is a ten-year prison term. Section 45-6-301(8)(b)(i), MCA (2011).

Lozeau brings these challenges too late. Lozeau was found guilty of this offense in a court of record and has exhausted his appeal remedy by failing to file a timely appeal. Section 46-22-101(2), MCA; *Lott v. State*, 2006 MT 279, ¶¶ 4, 19, 334 Mont. 270, 150 P.3d 337. Lozeau did not raise these claims prior to the court's imposition of his sentence for his theft conviction, and he is barred from raising them now. Section 46-22-101(2), MCA. We further point out that the charging documents had listed the value of money stolen over $2,200. Section 45-6-301(1)(a), MCA (2011). This dollar amount set the offense as a felony. Section 45-6-301(8)(b)(i), MCA (2011). Lozeau is barred procedurally from attacking his theft conviction.

2

Lastly, Lozeau is procedurally barred from challenging his sentence upon revocation via habeas corpus. "The relief under this chapter is not available to attack the legality of an order revoking a suspended or deferred sentence." Section 46-22-101(2), MCA. Lozeau is not entitled to any habeas corpus relief, record expungement, or his release. Accordingly,

IT IS ORDERED that Lozeau's Petition for a Writ of Habeas Corpus is DENIED.

The Clerk is directed to provide a copy hereof to counsel of record and to Travis C. Lozeau Sr. personally.

DATED this 17th day of March, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices

3